UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FIDEL ARGUELLO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 23-cv-2011-MMM |
| ) | |
| ASSELMIER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Danville Correctional Center ("Danville"), files a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights at Danville and Menard Correctional Center ("Menard"). (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Danville Correctional Center and Dr. Asselmier, a dentist at Menard.

First, Plaintiff alleges that he has not received dental treatment for his infected teeth and gums, and grievances he filed were "falsely called moot." (Doc. 1 at 1). Plaintiff alleges that Defendant Asselmier, a dentist at Menard, "purposely infects the teeth and gums of all men 50 years & older" and refuses to do root canals or fillings. *Id.* Plaintiff alleges that when Defendant Asselmier pulls teeth, "he injects a pathogen that causes the tooth next to the tooth pulled to become infected with puss pockets surrounding the tooth." *Id.* at 2. Plaintiff claims that hundreds of inmates at Menard lost all their teeth as a result. Plaintiff claims that his remaining teeth are infected and painful.

Second, Plaintiff alleges that he is diabetic, but he does not receive a daily "blood finger test." *Id.* Consequently, he does not know his blood sugar levels and cannot determine how much to eat and exercise. Plaintiff states that he was placed on C-grade twice as punishment for rule infractions and was prohibited from buying food from commissary for months. When he exercises, he will "blank out" from low blood sugar, drop weights on himself, and fall and hit his head.

Third, Plaintiff states that "they will not answer my requests for clothing exchange." *Id.* The clothing available at commissary often does not fit. Plaintiff made a needle and broke a razor to cut cloth to sew worn out clothing. As a result, he was sent to segregation and placed on C-grade for possession of contraband.

Fourth, Plaintiff alleges that he is fasting and praying for religious reasons and, as of the filing of his Complaint, had not eaten since January 3, 2023. He alleges that an unidentified mental health professional, who is not named as a party, is punishing him for not eating by keeping the florescent lights in his cell on 24-7. On January 9, 2023, she allegedly threatened to place Plaintiff on suicide watch if he did not eat.

## ANALYSIS

Plaintiff's Complaint "may best be characterized as throwing everything up against the wall to see what sticks." *See Nieman v. RLI Corp.*, No. 12-1012, 2012 WL 668453, at *3 (C.D. Ill. Feb. 29, 2012). Plaintiff includes four separate claims related to dental treatment at Menard, medical care for diabetes at Danville, clothing, and fasting. These allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Plaintiff will have an opportunity to replead his claims.

Finally, Danville is not a proper Defendant as it is not a "person" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Furthermore, Danville, as a State agency, enjoys Eleventh Amendment immunity in a suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended

complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Defendant Danville Correctional Center is DISMISSED with prejudice. The Clerk is DIRECTED to terminate Danville Correctional Center.

3) Plaintiff's Motion to Request Counsel [5] is rendered MOOT, with leave to reassert if he files an amended complaint.

ENTERED:   4/21/23

s/ Michael M. Mihm  
Michael M. Mihm  
U.S. District Court Judge